**Petition for Writ of Mandamus Denied; Majority Memorandum Opinion filed March 3, 2023; and Dissenting Opinion filed March 14, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00117-CV

---

## IN RE MEHRAN RAHBAR, M.D. AND FARINAZ ARBAB M.D., HUSBAND AND WIFE, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2022-05545**

---

## DISSENTING OPINION

Here we go again deciding original proceedings on the merits without complying with the rules.

Relators Mehran Rahbar, M.D. and Farinaz Arbab M.D. filed this pro se petition for writ of mandamus. Rahbar complied with the mandatory Texas Rule of Appellate Procedure 52.3(j) certification of the petition, but Arbab did not. *See* Tex. R. App. P. 52.3(j). Rahbar provided a mandatory Texas Rule of Appellate Procedure

52.7(a)(1) record containing his affidavit and sworn copies of every document he swore were material to his claim for relief and that was filed in the underlying proceeding in the trial court, but Arbab did not. *See* Tex. R. App. P. 52.7(a)(1). Neither Rahbar nor Arbab provided the mandatory Texas Rule of Appellate Procedure 52.7(a)(2) record containing a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained. *See* Tex. R. App. P. 52.7(a)(2).

Persisting in my view that our duty as judges is to reach a decision on the merits based on a proper record and that due process and due course of law require that this court give notice and an opportuniy to cure when the original-proceeding record does not comply with the Texas Rules of Appellate Procedure, I would give relators ten-days' notice of involuntary dismissal for failure to comply with the Texas Rules of Appellate Procedure as described above.[1] *See In re Kholaif*, 624 S.W.3d 228, 231 (order), *mand. dism'd*, 615 S.W.3d 369 (Tex. App.—Houston [14th Dist.] 2020) (orig. proceeding).

There is no question that the procedure in original proceedings is not simple. This court is doing what it can to help, and the court's website now has a checklist

---

[1] Although this court is not consistent in its use of "deny" — a disposition on the merits — and "dismiss" — a nonmerits procedural disposition, the majority does deny the petition in this original proceeding based on the merits. *Compare Deny*, Merriam-Webster.com, www.meriam-webster.com/dictionary/deny (last visited Mar. 8, 2023) ("to give a negative answer to") *with Dismiss*, Merriam-Webster.com, www.meriam-webster.com/dictionary/dismiss (last visited Mar. 8, 2023) ("to put out of judicial consideration; refuse to hear or hear further in court"); *see also Dismiss*, *Black's Law Dictionary* (11th ed. 2019) ("To send (something) away; specif., to terminate (an action or claim) without further hearing."). But the majority reaches the merits on a defective record, something the court does not do in appeals and should not do in original proceedings.

for original proceedings to assist parties in complying with the applicable statutes and rules. There is also no question that the supreme court and court of criminal appeals should amend the Texas Rules of Appellate Procedure to include procedures within Rule 52 that mirror what the rules require in civil appeals, i.e., Rule 42.3. A simple amendment to Rule 52 would be to add the following: "(e) *Dismissal.* On any party's motion — or on its own initiative after giving ten days' notice to all parties — the court may dismiss the petition if the petition is subject to dismissal for the grounds enumerated in Rule 42.3."

But at present we have no specific dismissal rule and must rely on our knowledge of the law and common sense that proceedings must be decided on a competent record. Because that is absent, I dissent from the court's failure to give notice of the deficiencies and an oportunity to cure, and I express no opinion on the merits because of the lack of a proper record on which to base a ruling.


/s/ Charles A. Spain
   Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Spain (Spain, J., dissenting).